IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

|  |  |
|---|---|
| ROBERT RAKES and ROBERT HOLLANDER, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>vs.<br>LIFE INVESTORS INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | No. C06-0099<br><br>ORDER AMENDING SCHEDULING ORDER |

This matter comes before the Court on the Motion to Amend and Clarify Scheduling Order (docket number 105) filed by Defendant Life Investors Insurance Company of America on January 11, 2008, and the Resistance (docket number 109) filed by Plaintiffs Robert Rakes and Robert Hollander on January 25, 2008. Pursuant to Local Rule 7.c, the Motion will be decided without oral argument.

In its Motion, Defendant notes that the first phase of discovery was to have concluded on December 20, 2007, pursuant to the Amended Rule 16(b) and 26(f) Scheduling Order and Discovery Plan (docket number 75) filed on August 16, 2007. The Motion and supporting Declaration of Deborah H. Renner (docket number 105-2) assert, however, that "Counsel for the parties have agreed that four previously noticed depositions, not able to be taken on or before December 20, 2007, would take place on or before January 31, 2008." *See* Declaration of Deborah H. Renner (docket number 105-2), ¶ 2 at 1. It is further asserted that the parties reached an agreement to extend the deadlines for disclosing expert witnesses pertaining to class certification and completing depositions of those experts. *See Id.* at 2. According to Defendant's Motion, however, the parties are

1

unable to agree on whether Plaintiffs should be required to identify their expert witnesses, if any, prior to Defendant.

In their Resistance and in the supporting Declaration of Aylin R. Acikalin Maklansky (docket number 109-2), Plaintiffs vigorously resist the suggestion that they are required to identify their expert witnesses prior to Defendant. Neither the Resistance nor the Declaration, however, address the deadline extensions requested in the instant Motion. Instead, Plaintiffs simply conclude that the Motion "should be denied." *See* Resistance (docket number 109) at 7.

## *I. EXTENSION OF DEADLINES*

Preliminarily, the Court notes that the Motion was not timely filed. The request for an extension of the discovery deadline was filed twenty-two days after the discovery deadline expired. Furthermore, the Motion does not allege good cause for the parties' failure to comply with the previously-established discovery deadline. *See* Local Rule 16.f (providing that deadlines established in a scheduling order will be extended only upon a showing of good cause). Nonetheless, the Court will honor the agreement reached between the parties, as set forth in the Declaration of Deborah H. Renner (docket number 105-2). As previously noted, the Declaration of Aylin R. Acikalin Maklansky (docket number 109-2) does not refute Ms. Renner's assertion that an agreement was reached to extend certain deadlines.[1] Therefore, the Court concludes that the discovery deadline, expert disclosure deadline, deadline for completion of experts' depositions, and the date for filing a class certification motion, should be extended consistent with the parties' agreement.

---

[1] The Court notes parenthetically that attached to Plaintiffs' Resistance is an Order issued in *Shaffer v. Continental Cas. Co.*, Case No. CV 06-2235-RGK (C.D. Cal. Jan. 26, 2007). *See* docket number 109-3. Following the ruling in *Shaffer*, is an e-mail string which would appear to be unrelated to the instant action. *See* Docket number 109-3 at 7-8.

## II. DISCLOSURE OF EXPERTS

The fighting issue, however, appears to be whether Plaintiffs are required to identify their experts relating to class certification, if any, prior to disclosure by Defendant. This issue was addressed by the parties in the Amended Rule 16(b) and 26(f) Scheduling Order and Discovery Plan (docket number 75), as follows:

> 4. Expert witnesses disclosed by: **Plaintiffs and defendant do not agree as to whether expert witnesses are necessary for issues pertaining to Class Certification, with Plaintiffs believing that such experts are not necessary, and Defendant believing that expert witnesses may be necessary. The parties will reconsider their positions at the conclusion of the first phase of discovery, December 20, 2007. However, to the extent that either party may disclose expert witnesses as to issues pertaining to Class Certification, the following deadlines shall apply:**
> a) Defendant: **January 31, 2008**
> b) Plaintiff Rebuttal: **February 21, 2008**

That is, Plaintiffs believed, and continue to assert, that expert witnesses will not be required during the class certification phase. The parties agreed to a deadline for Defendant disclosing its experts and agreed to a deadline for Plaintiffs' rebuttal experts. Plaintiffs characterize the issue as "whether the Court should allow Defendant to renege on their previous agreements." *See* Resistance (docket number 109) at 3.

The issue of expert testimony on the question of damages has been previously addressed by the Court. Prior to taking Plaintiffs' depositions, Defendant filed a Motion to Compel (docket number 88), requesting that the Court enter an order compelling Plaintiffs to respond to questions regarding damages allegedly sustained by them. Plaintiffs resisted the Motion to Compel, arguing that the calculation of damages is a matter of expert testimony.[2]

---

[2] In resisting the instant Motion, Plaintiffs assert that "[a]lthough unlikely, this case may not even require experts for the purposes of trial." *See* Plaintiffs' Resistance to Defendant's Motion to Amend and Clarify Scheduling Order (docket number

3

> Plaintiffs have explained to Defendant that Rakes', Hollander's and the Class' damages are equal to the financial measurement of the amount of the risk improperly shifted by the Defendant. This amount must necessarily be computed by Plaintiffs' experts after Defendant has provided to Plaintiffs the necessary data concerning the block of insurance. After Plaintiffs have received the necessary data, Plaintiffs' experts will be able to measure the effect of the Defendant's wrongful conduct on the block of insurance and on each of the individual policy holders, including Rakes and Hollander.

See Plaintiffs' Resistance to Defendant's Motion to Compel (docket number 92) at 4-5.

In denying Defendant's Motion to Compel, the Court concluded that Plaintiffs were not required to specify their damages at their depositions. In reaching that conclusion, the Court relied on Plaintiffs' representation that damages were the subject of expert testimony.

> Given the complex nature of Plaintiffs' claims, however, the Court concludes that they are not required in their depositions to place a dollar amount on their claim, nor even testify with precision regarding the methodology which will be employed to calculate that amount. Obviously, Plaintiffs will be required to disclose at an appropriate time their legal theory on the measure of damages. The Court concludes, however, that it is not necessary for Plaintiffs to do so in their upcoming depositions.

See Ruling on Motion to Compel (docket number 97) at 7.

Plaintiffs argue that the issue of class certification can be addressed by the Court without the necessity of expert testimony on the issue of damages. Nonetheless, Plaintiffs wish to reserve the opportunity to rebut Defendant's expert with expert testimony of their own, if necessary, "to clear up any confusion created by Defendant's expert."[3] See

---

[2](...continued)
109) at 6, n.9.

[3]Plaintiffs assert, however, that "[a]rgument will likely be enough if prior cases are a guide." See Plaintiffs' Resistance to Defendant's Motion to Amend and Clarify
(continued...)

Plaintiffs' Resistance to Defendant's Motion to Amend and Clarify Scheduling Order (docket number 109) at 2. Defendant complains that "Plaintiffs intend to seek an unfair advantage in this litigation by declining to submit expert reports on the issues on which they bear the burden of proof until *after* they have seen what expert reports Defendant submits on these issues." See Defendant's Brief in Support of Motion to Amend and Clarify Scheduling Order (docket number 105-3) at 2 (emphasis in original).

The Court concludes that the "appropriate time" for Plaintiffs to disclose their legal theory regarding damages is now. While Plaintiffs' expert may not be able to calculate damages precisely without further discovery, presumably he or she is able to identify the methodology which will be employed in determining damages sustained by putative class members.[4] That is, it would seem that the "formula" to be used in determining damages would be known to the expert, even if the numbers to be inserted in the formula are not known at this time. If Plaintiffs' expert is unable to describe the methodology which will be employed in determining damages sustained by the class, then he or she should be required to explain why not.

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 23(a), a class action may be pursued only upon a showing that

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;

---

[3](...continued)
Scheduling Order (docket number 109) at 2, n.3.

[4] In earlier pleadings, Defendant concedes that Plaintiffs are not required to establish damages with precision at the class certification phase. See Supplemental Brief in Support of Motion for Protective Order (docket number 103) at 4 ("[A]ll that Plaintiffs need to show on their class certification motion is that they have a valid method or formula that utilizes proper assumptions that can later be used to accurately calculate damages on a common or class-wide basis -- they do not need to do the math for each individual class member.") (emphasis in original) (citing *Blades v. Monsanto Co.*, 400 F.3d 562, 575 (8th Cir. 2005)).

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a)(1)-(4). In addition to meeting all of the requirements of Rule 23(a), the Plaintiffs must show that the case falls within one of the categories of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Plaintiffs in the instant action presumably rely on Rule 23(b)(3). A class action may be maintained pursuant to Rule 23(b)(3) if the Court finds "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). The predominance requirement of Rule 23(b)(3) is a more stringent application of the commonality requirement of Rule 23(a)(2). *Amchem Products*, 521 U.S. at 609 (holding that the Third Circuit Court of Appeals properly recognized "that Rule 23(a)(2)'s 'commonality' requirement is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class 'predominate over' other questions.").

In seeking class certification, Plaintiffs have the burden of establishing not only predominance of common questions of law or fact pertaining to liability, but also predominance of common questions of law or fact pertaining to damages, or "impact." *Blades v. Monsanto Co.*, 400 F.3d 562, 569 (8th Cir. 2005). In *Blades*, the Eighth Circuit Court of Appeals affirmed the district court's refusal to certify the class and cited with approval the district court's order, which stated in part:

> In making the determination as to predominance, of utmost importance is whether impact should be considered an issue common to the class and subject to generalized proof, or whether it is instead an issue unique to each class member, and thus the type of question that might defeat the predominance requirement of Rule 23(b)(3).

*Id.* at 569. In an attempt to meet their burden of proof in *Blades*, Plaintiffs offered expert testimony that Defendant's market conspiracy had classwide impact. The Court concluded, however, that the expert testimony "does *not* show that impact can be demonstrated on a class-wide basis." *Id.* at 570 (emphasis in original). The Court concluded that an individualized, fact-intensive inquiry of factors unique to each potential class member would be necessary in order to determine damages. *Id.* at 575 ("While appellants correctly state that they are not required to settle on any particular benchmark for measuring damages at the class-certification stage, if they propose to use such a method to prove injury, they must show that it could work to prove classwide injury with common evidence.").

Similarly, in *Windham v. American Brands, Inc.*, 565 F.2d 59 (4th Cir. 1977), the Court discussed the issue of damages in the context of "manageability." In affirming the order of the district court denying certification, the Fourth Circuit stated:

> Thus in cases where the fact of injury and damage breaks down in what may be characterized as "virtually a mechanical task," "capable of mathematical or formula calculation," the existence of individualized claims for damages seems to offer no barrier to class certification on grounds of manageability. On the other hand, where the issue of damages and impact does not lend itself to such a mechanical calculation, but requires "separate 'mini-trial,(s)'" of an overwhelming large number of individual claims, courts have found that the "staggering problems of logistics" thus created "make the damage aspect of (the) case predominate," and render the case unmanageable as a class action.

*Id.* at 68. The Court agreed with the district court's conclusion that "there appears to be no workable formula to aid in computing the damages of each member of the plaintiff class and that the action was unmanageable as a class action." *Id.* at 70. While Plaintiffs claimed that "they 'expect' to develop a formula, which will simplify the computation of individual damages, at some later point in the litigation," the Court concluded that "it

should not certify the class merely on the assurance of counsel that some solution will be found." *Id.*

The Court understands that there is a significant distinction between the class certification phase of an action and trial on the merits. It is not for this Court to determine whether Plaintiffs are able to meet their burden of establishing that this action should be maintained as a class. Chief Judge Linda R. Reade will make that determination following motion and appropriate hearing. The Court concludes, however, that if Plaintiffs believe that common questions of law or fact predominate on the issue of damages, and if they intend to use expert testimony to establish damages sustained by putative class members, then they should be required to disclose the methodology which they propose to employ, in order to give Defendant a fair opportunity to respond. Therefore, the Court concludes that Plaintiffs, having the burden of proof in this regard, should be required to disclose their expert witness, together with an appropriate report, as required by FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B).

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion to Amend and Clarify Scheduling Order (docket number 105) is hereby **GRANTED** as follows:

1. The deadline for completion of discovery is hereby **EXTENDED** to **January 31, 2008**.

2. Plaintiffs shall disclose their expert witnesses pertaining to damages, together with appropriate reports, not later than **February 20, 2008**.

3. Defendant shall disclose its expert witnesses pertaining to damages, together with appropriate reports, not later than **March 21, 2008**.

4. The deadline for completion of experts' depositions relating to class certification is **April 18, 2008**.

5. No class certification motion may be filed prior to **April 18, 2008**.

6. As previously ordered, the deadline for Plaintiffs to file a class certification motion is **May 2, 2008**, with Defendant's response due not later than **June 13, 2008**, and Plaintiffs' reply due not later than **June 27, 2008**.

7. As previously ordered, the class certification hearing will be held on **July 31, 2008 at 3:30 p.m.** *See* Order (docket number 104).

DATED this 30th day of January, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA