**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| ROBERT RAKES and ROBERT HOLLANDER, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | No. 06-CV-99-LRR |
| vs. | **ORDER** |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

_____

*TABLE OF CONTENTS*

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

II.     RELEVANT PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III.    COSTS SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

IV.     LAW OF COSTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

V.      ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

        A.  Fees of Clerk of Court  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

        B.  Fees of Court Reporter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

        C.  Fees for Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *19*

        D.  Fees for Copies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *20*

VI.     CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *20*

# I. INTRODUCTION

The matter before the court is Defendant Life Investors Insurance Company of America's "Motion Seeking Review of Clerk of Court's Taxation of Costs" ("Motion") (docket no. 215).

# II. RELEVANT PROCEDURAL HISTORY

On July 17, 2006, Plaintiffs Robert Rakes and Robert Hollander, individually and on behalf of all others similarly situated (collectively "Plaintiffs"), filed a Class Action Complaint and Demand for Jury Trial ("Complaint") against Life Investors Insurance Company of America ("Defendant").

On September 20, 2006, Defendant filed a Motion to Dismiss Complaint, which was subsequently granted as to Count IV[1] and denied as to Counts I - III.

The Court set a class certification hearing for July 31, 2008, pursuant to the Amended Rule 16(b) and 26(f) Scheduling Order and Discovery Plan. The parties agreed that any class certification motion should be filed in the period April 19, 2008 through May 5, 2008. The parties also agreed in the Discovery Plan to conduct discovery in phases, with the first phase encompassing class certification issues and fact discovery as to the named Plaintiffs; however, they also agreed that to the extent discovery sought pertained to both class certification and the merits, such discovery would not be precluded for that reason alone in phase I. After obtaining an extension of deadlines, the motion to certify class was filed May 16, 2008.

On April 4, 2008, Defendant filed its Motion for Summary Judgment. Plaintiffs resisted the motion on May 12, 2008. On June 20, 2008, the court granted summary judgment and judgment was entered in favor of Defendant and against Plaintiffs.

---

[1] Count IV pled punitive damages as an independent cause of action. The law of the forum does not recognize punitive damages as a cause of action. *See* Order (docket no. 68) at 13-14.

On July 7, 2008, Defendant filed a Bill of Costs, to which Plaintiffs responded on July 24, 2008. On September 9, 2008, the Clerk of Court taxed costs against Plaintiffs and in favor of Defendant in the total amount of $55,981.18 (docket no. 214) without making any findings or setting forth any reasons for the decision.

Plaintiffs filed a Motion Seeking Review of Clerk of Court's Taxation of Costs (docket no. 215) to which Defendant replied on October 3, 2008 (docket no. 216). The cost issues are now ready for decision.

### III.   COSTS SOUGHT

Defendant seeks to have the costs listed below taxed against Plaintiffs:

A.    Fees of the Clerk (total $375)

        1.    Pro Hac Vice Fees
              [Renner; Akbar; A. Shinoff; Movit]      $300

        2.    Pro Hac Vice Fees
              [Baum]                                              $75

B.    Fees of Court Reporter
      for all or any part of the transcript
      necessarily obtained for use in the
      case (total $44,279.27)

| No. | Court Reporter | Deponent(s) | Type | Date | Amount |
|-----|----------------|-------------|------|------|--------|
| 1 | The Souza Group | Brian D. Ulery | Transcript | 11/27/07 | $1,143.02 |
| 2 | The Souza Group | Brian D. Ulery | Video | 11/27/07 | $277.09 |
| 3 | Veritext New York Reporting Co. | Robert Hollander | Transcript | 12/5/07 | $4,215.40 |
| 4 | Veritext New York Reporting Co. | Robert Hollander | Video | 12/5/07 | $1,756.50 |
| 5 | Veritext New York Reporting Co. | Sharon Hollander | Transcript | 12/6/07 | $719.20 |

| No. | Court Reporter | Deponent(s) | Type | Date | Amount |
|---|---|---|---|---|---|
| 6 | Veritext New York Reporting Co. | Sharon Hollander | Video | 12/6/07 | $404.00 |
| 7 | Veritext New York Reporting Co. | Robert Rakes | Transcript | 12/11/07 | $1,938.30 |
| 8 | Veritext New York Reporting Co. | Robert Rakes | Video | 12/11/07 | $914.00 |
| 9 | Veritext New York Reporting Co. | Fernande Rakes | Transcript | 12/12/07 | $936.00 |
| 10 | Veritext New York Reporting Co. | Fernande Rakes | Video | 12/12/07 | $389.00 |
| 11 | Veritext New York Reporting Co. | Lionel William Miller | Transcript-cancellation fee | 12/17/07 | $125.00 |
| 12 | Veritext New York Reporting Co. | Lionel William Miller | Video-cancellation fee | 12/17/07 | $275.00 |
| 13 | Continental Court Reporters, Inc. | Janet M. Soppe | Transcript | 12/18/07 | $1,359.88 |
| 14 | Continental Court Reporters, Inc. | Janet M. Soppe | Video | 12/18/07 | $594.93 |
| 15 | Continental Court Reporters, Inc. | Janet M. Soppe | Video timestamping-synchronization | 12/18/07 | $413.40 |
| 16 | Continental Court Reporters, Inc. | Warren Jones | Transcript | 12/19/07 | $882.25 |
| 17 | Continental Court Reporters, Inc. | Lynn Hartung | Transcript | 12/19/07 | $883.70 |
| 18 | Continental Court Reporters, Inc. | Warren Jones & Lynn Hartung | Video | 12/19/07 | $484.95 |

| No. | Court Reporter | Deponent(s) | Type | Date | Amount |
|-----|----------------|-------------|------|------|--------|
| 19 | Continental Court Reporters, Inc. | Warren Jones & Lynn Hartung | Video timestamping-synchronization | 12/19/07 | $320.65 |
| 20 | Continental Court Reporters, Inc. | Robert Darnell | Transcript | 12/20/07 | $797.64 |
| 21 | Continental Court Reporters, Inc. | Robert Darnell | Video | 12/20/07 | $348.48 |
| 22 | Continental Court Reporters, Inc. | Robert Darnell | Video timestamping-synchronization | 12/20/07 | $214.65 |
| 23 | Veritext New York Reporting Co. | John Moysey | Transcript | 1/24/08 | $641.75 |
| 24 | Veritext New York Reporting Co. | John Moysey | Video | 1/24/08 | $382.00 |
| 25 | Veritext New York Reporting Co. | Edward Phoebus | Transcript | 1/25/08 | $2,423.65 |
| 26 | Veritext New York Reporting Co. | Edward Phoebus | Video | 1/25/08 | $1,209.50 |
| 27 | Veritext New York Reporting Co. | Lionel William Miller | Transcript | 1/28/08 | $1,145.60 |
| 28 | Veritext New York Reporting Co. | Lionel William Miller | Video | 1/28/08 | $677.00 |
| 29 | Kay Carr | February 12, 2008 hearing | Transcript | 2/12/08 | $679.00 |
| 30 | Continental Court Reporters, Inc. | Ross Bagshaw | Transcript | 3/6/08 | $1,737.95 |
| 31 | Continental Court Reporters, Inc. | Ross Bagshaw | Video | 3/6/08 | $471.70 |

| No. | Court Reporter | Deponent(s) | Type | Date | Amount |
|---|---|---|---|---|---|
| 32 | Continental Court Reporters, Inc. | Ross Bagshaw | Video timestamping-synchronization | 3/6/08 | $333.90 |
| 33 | Veritext New York Reporting Co. | Deborah Senn | Transcript | 4/14/08 | $3,582.80 |
| 34 | Veritext New York Reporting Co. | Deborah Senn | Video | 4/14/08 | $1,922.00 |
| 35 | Veritext New York Reporting Co. | Mark Browne | Transcript | 4/14/08 | $2,512.59 |
| 36 | Veritext New York Reporting Co. | Edward Sherman | Transcript | 4/18/08 | $2,417.30 |
| 37 | Veritext New York Reporting Co. | John Wilkin | Transcript | 4/17/08 | $670.80 |
| 38 | Veritext New York Reporting Co. | John Wilkin | Video | 4/17/08 | $747.00 |
| 39 | Continental Court Reporters, Inc. | Frederick C. Dunbar, Ph.D. | Transcript | 4/25/08 | $3,090.54 |
| 40 | Continental Court Reporters, Inc. | Frederick C. Dunbar, Ph.D. | Video timestamping-synchronization | 4/25/08 | $241.15 |
| | | | **TOTAL** | | **$44,279.27** |

C.    Fees for Witnesses
        (Including expert witnesses)
            (total $10,462.50)

| No. | Expert Witness | Date(s) of Overnight Stay | Expert Witness Desination Expense | Total |
|---|---|---|---|---|
| 1 | Mark J. Brown | 4/14/08-Deposition Fee | 9 hours @ $400/hour | $3,600.00 |
| 2 | Deborah Senn | 4/14/08-Deposition Fee | 8 hours @ $350/hour | $2,800.00 |
| 3 | Edward F. Sherman | 4/18/08-Deposition Fee | 7.5 hours @ $425/hour | $3,187.50 |
| 4 | John Wilkin | 4/17/08-Deposition Fee | 2.5 hours @ $350/hour | $875.00 |
| **TOTAL** | | | | **$10,462.50** |

D.   Fees for Exemplication and copies of papers
       necessarily obtained for use in the case
       ($864.41)

| No. | Payment To | Payment For | Date | Amount |
|-----|-----------|-------------|------|--------|
| 1 | Lederer Weston Craig, P.L.C. | Copies of Exhibits for Hearing | 2/28/08 | $56.60 |
| 2 | The Copy Shop | Photocopies of Appendix for Motion for Summary Judgment | 4/7/08 | $414.99 |
| 3 | The Copy Shop | Additional Photocopies of Appendix for Motion for Summary Judgment | 5/7/08 | $215.69 |
| 4 | The Copy Shop | Photocopies of Supplemental Appendix in Support of Motion for Summary Judgment | 5/23/08 | $177.13 |
| | | | **TOTAL** | **$864.41** |

**GRAND TOTAL:**                                    **$55,981.18**

Bill of Costs (docket no. 215).

## IV.  LAW OF COSTS

In deciding an issue relating to costs, the court must consult both Federal Rule of Civil Procedure 54(d), which gives the court the power to tax "costs" to a prevailing party and 28 U.S.C. § 1920, which defines "costs." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 440 (1987).  Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54 represents a codification of the presumption that the prevailing party is entitled

to costs." *Martin v. Daimler Chrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001)(quotations omitted); *see also Ex Parte Petersen,* 253 U.S. 300, 315-17 (1920) (discussing common law of costs). In other words, "[t]he losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs . . ." *168th & Dodge, L.P. v. Rave Reviews Cinemas, L.L.C.,* 501 F.3d 945, 958 (8th Cir. 2007). Despite the presumption, exactly which costs will be awarded is a matter left to the discretion of the district court. *Poe v. John Deere Co.*, 695 F.2d 1103, 1108-09 (8th Cir. 1982). However, "the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

Title 28, United States Code, Section 1920 expressly identifies the expenses a court may tax as costs against a losing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. at 440. In relevant part, the statute provides:

> A judge . . . of any court of the United States may tax as costs the following:
>
> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for the exemplification and copies of papers necessarily obtained for use in the case;
>
> **(5)** Docket fees under [§] 1923 of this title;
>
> **(6)** Compensation of court appointed experts . . .

28 U.S.C. § 1920 (emphasis in original). "The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821 . . . ." *Crawford Fitting*, 482 U.S. at 440-41. In relevant

part, § 1821 provides:

1. **(a)(1)** Except as otherwise provided by law, a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

\* \* \*

**(b)** A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

**(c)(1)** A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished**.**

\* \* \*

**(3)** Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.

**(4)** All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to [§] 1920 of this title.

**(d)(1)** A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

> **(2)** A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to [5 U.S.C. § 5702(a)], for official travel in the area of attendance by employees of the Federal Government. . . .

28 U.S.C. § 1821. "[T]he Supreme Court has held that '*absent explicit statutory* or contractual *authorization* for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920.'" *Neosho R-V Sch. Dist. v. Clark*, 315 F.3d 1022, 1031 (8th Cir. 2003) (quoting *Crawford Fitting*, 482 U.S. at 445) (emphasis added in *Neosho*).

## V. ANALYSIS

In the Bill of Costs, the Defendant asks the court to tax a total of $55,981.18 against the Plaintiffs. These costs are grouped into the following categories: (1) *pro hac vice* fees; (2) fees of the court reporter; (3) fees for witnesses; and (4) fees for copying exhibits and appendices for summary judgment hearing.

Counsel for the Defendant filed an affidavit, attached to the Bill of Costs, in which he swears that all of these costs "have been necessarily incurred in this case and that the services for which fees have been charged were actually and necessarily performed." (docket no. 202-6, p. 1). Counsel also filed Exhibits A-D which purport to be receipts and invoices that support Defendant's claimed expenses.

The Clerk of Court allowed all costs requested by Defendant without explanation. In resistance to the Clerk of Court's award of costs, Plaintiffs contend Defendant is only entitled to $5,714.04 in costs "based on the Court's Guidelines on Taxation of Costs [2] and

---

[2] Plaintiff relies on a document called "Guidelines on Taxation of Cost," dated January 2001. The origin of this document is not known; however, the court has determined that it was apparently drafted for the internal use of the Clerk of Court. It was never adopted by the court in an administrative order and is not precedential or binding.

applicable law." Plaintiff did not provide the court with any evidence in support of their resistance except the invoices or receipts marked as Exhibits A-D. Plaintiff makes no argument that the Bill of Costs was untimely filed or that Defendant was not the prevailing party for purposes of Rule 54(d)(1). Thus, the only issue the court will address is the amount of the expenditures claimed that can be assessed as costs. The court addresses each category of costs, in turn.

### A. Fees of the Clerk of Court

Defendant seeks reimbursement for the *pro hac vice* admission fees totaling $375 for five attorneys from the law firm of Sonnenschein, Noth & Rosenthal, L.L.P. None of the five attorneys appearing for the Defendant appear to be in-house counsel. Defendant also had two local attorneys who appeared for it. Defendant argues such costs are properly assessed against Plaintiffs because they were necessary for the defense of the case and they were billed to the client. Plaintiff argues that such fees were not necessary for the defense of the case because Plaintiffs could have retained attorneys admitted to practice in Iowa and therefore the *pro hac vice* fees are not taxable to them.

Clearly the taxation of *pro hac vice* fees are not specifically addressed in 28 U.S.C. § 1920. Defendant argues that they are taxable as fees of the Clerk of Court pursuant to § 1920(1). The parties apparently were unable to find an Eighth Circuit Court of Appeals decision addressing the issue and the court has found none. The court found one district court opinion that allowed two *pro hac vice* fees totaling $50 to be taxed as fees of the clerk, without any discussion. *Glastetter v. Sandoz Pharms. Corp.*, No. 1:97CV131ERW, 2000 WL 34017154 (E.D. Mo. Oct. 3, 2000) (28 U.S.C. § 1920 should not be construed so narrowly as to preclude taxing the *pro hac vice* fees as fees of the clerk), *aff'd sub nom. Glastetter v. Norack's Pharms. Corp.*, 252 F.3d 986, 992-93 (8th Cir. 2001).[3] In the

---

[3] Although the Eighth Circuit Court of Appeals affirmed the district court's decision on taxation of costs, the propriety of taxing *pro hac vice* fees as a fee of the clerk was not argued in this case and thus the court does not think it is bound by this decision.

same district an earlier decision held *pro hac vice* fees "are an expense of counsel for the privilege of practicing law" in a federal judicial district where they are not otherwise admitted to practice, are normally not assessed to the fee paying client, and thus are not taxable as costs of the prevailing party under Fed. R. Civ. P. 54(d) or 28 U.S.C. § 1920(1). *Romero v. U.S.,* 865 F.Supp. 585, 594 (E.D. Mo. 1994), citing *Northcross v. Bd. of Educn.*, 611 F.2d 624, 639 (6th Cir. 1979), *cert. denied*, 447 U.S. 911 (1980).

A number of district courts outside the Eighth Circuit have addressed the issue. Some of those decisions, cited by the Defendant are distinguishable from the case at bar. In *Gordon v. Virtumundo, Inc.*, No. 06-0204-JCC, 2007 WL 2253296 (W.D. Wash. Aug. 1, 2007), cited by the Defendant in its brief, *pro hac vice* fees were recovered but not pursuant to 28 U.S.C. § 1920. A *pro hac vice* admission fee of $75 for one lawyer (the defendants' in-house counsel) was found to be reasonable, incident to litigation and recoverable as costs under the rubric of attorney's fees where attorney fees were recoverable under the Federal CANSPAM Act of 2003 and under a state statute. In *Custer v. Schumacher Racing Corp.*, No. 1:06-cv-1208-WTL-JDT, 2008 WL 360894 (S.D. Ind. Feb. 8, 2008), also cited by the Defendant in its brief, the court found without explanation that the "fees to the clerk" consisted not only of the filing fee when the case was removed from state court, but also the *pro hac vice* fees paid for their out-of-state corporate counsel. *Id*. at 1, n.1. In this case of course, the attorneys admitted *pro hac vice* were not in-house corporate counsel for Defendant, but rather private lawyers retained only for this litigation. In *Scherer v. Home Depot, U. S. A.*, No. Civ. S-04-0109 DFL GGH, 2007 WL 1087045 at n.2 (E.D. Cal. April 10, 2007), the court found payment of a *pro hac vice* fee for one named-attorney was recoverable. The decision does not state if the attorney was in-house counsel for Home Depot, or a private attorney and no reasoning behind the court's decision is included in the opinion. *Id*. In *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 663 (D. Kan. 2005), although the court awarded the *pro hac vice* fees as costs, there is no discussion of the reasons for the holding except a reference to another

district court decision and it is not apparent if the fees were for in-house counsel. *Pro hac vice* fees of $40 were allowed as costs in *Davis v. Puritan-Bennett Corp.*, 923 F. Supp. 179, 181 (D. Kan. 1996) as a necessary expense because the Plaintiff selected the forum and compelled the defendant to defend itself in the district. The decision does not indicate that the attorney(s) admitted *pro hac vice* were in-house counsel, but the suggestion is they were not.

The court finds that the *pro hac vice* fees totaling $375 for the admission of five attorneys is not recoverable under fees of the clerk of court. *Pro hac vice* fees are not listed as reimbursable fees of the clerk under the statute. 28 U.S.C. § 1920; *see, e.g.* *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456 (M.D. Ala. 1997) (28 U.S.C. § 1920 does not authorize taking pro hac vice fees as costs. "Costs" is a term of art which is not synonymous with expense.); *Cathey v. Sweeney*, No. CV205-202, 2007 WL 1385657 (S.D. Ga May 8, 2007) (*pro hac vice* fees are an expense of counsel and not the client and therefore the fees are not recoverable as a fee of the clerk).

In this case none of the lawyers admitted *pro hac vice* were in-house counsel. Had they been, the argument for assessing the fees against Plaintiffs might have been more persuasive. Clearly admission of five out-of-district attorneys in addition to local counsel was not necessary for the defense of the case. Defense counsel could have been selected exclusively from members of the Iowa bar admitted to practice in this district. The court agrees with the *Romero* court that *pro hac vice* fees are an expense that an attorney pays for the privilege of practicing law in a district in which he/she is not admitted. It does not matter whether or not the client was billed for these fees and paid them.

### B. Fees of Court Reporter

Defendant seeks to recover for certain transcripts which they claim were necessarily obtained for use in the case. In addition, Defendant seeks to recover the video of each deponent taken during the deposition and costs related to the video preservation as well as expedited transcription fees, shipping costs, real time records and the like.

The court may tax as costs the fees of a court reporter for all or any part of the stenographic transcript "necessarily obtained for use in the case." 28 U.S.C. § 1920(2),

> The determination of a necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. In other words, the underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken.

*Zotos v. Lindbergh Sch. Dist.,* 121 F.3d 356, 363 (8th Cir. 1997) (internal citations and quotations omitted). Depositions taken purely for investigative reasons will not be deemed "necessary." *Id. Koppinger v. Cullen-Schiltz & Assocs.,* 513 F.2d 901, 911 (8th Cir. 1975) (affirming the district court's taxation of costs for depositions that were not used in trial and quoting the district court as stating: "Under the circumstances which existed in this case where defendants were reluctant to stipulate as to any material fact and extensive discovery was taken by all parties, the court feels that the deposition costs were proper.").

Plaintiff argues that Defendant has failed to show the depositions were reasonably necessary to the case and not purely for investigative purposes. Plaintiff also argues that the video and related costs of the video preservation as well as the expedited transcription fees, shipping costs and the like should not be taxed as costs. The court notes that it was apparently the practice of Defendant to have nearly all depositions stenographically taken as well as videotaped even though the parties were engaged in phase I of the discovery process where the focus was on class certification and not the merits of the claims which would have been the subject matter at time of trial.

Although this case was resolved at the summary judgment phase, nonetheless the court can award the costs of the stenographic transcripts if they were reasonably necessary to the defense of the case. *Smith v. Tenet Healthsys. SL, Inc.,* 436 F.3d 879, 889 (8th Cir. 2006) ("Even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative." (Quotations and modifications omitted)). The court finds the costs for

producing the stenographic transcripts for the depositions of Brian D. Ulery, Robert Hollander, Sharon Hollander, Robert Rakes Fernande Rakes, Janet Soppe, Warren Jones, Lynn Hartung, Robert Darnell John Moysey, Edward Phoebus, Lionel Miller, Ross Bagshaw, Deborah Senn, Mark Browne, Edward Sherman, John Wilkin and Frederick C. Dunbar are fully recoverable from Plaintiffs because they were necessary for the defense of the case. The Hollanders and the Rakes were named by the plaintiffs as witnesses with relevant information in the Plaintiffs' Rule 26 disclosures. Robert Rakes and Robert Hollander were named plaintiffs and their wives were clearly persons with knowledge as to liability and damages. John Moysey, the insurance agent involved with the Rakes insurance purchase, was relevant to the defense of the case and his testimony was cited in the summary judgment papers. The depositions of Sherman, Wilkin, Browne and Senn were necessary to the defense of the case because they purported to have expert opinions relative to class certification. At the time the deposition testimony was taken of these experts, the class certification briefing was imminent. Dunbar was the Defendant's expert witness on class certification whose deposition was taken by Plaintiffs. The court finds Dunbar's deposition was necessary for the case. Depositions of Ulery, Jones, Darnell and Hartung were taken by the Plaintiffs and their deposition testimony was referred to the summary judgment papers.

The Defendant does not present any argument or support for their assertion that the transcript of the hearing on February 12, 2008 was necessary for the defense of the case and the court declines to award the costs for it. The subject matter of the hearing related to discovery and as far as the court minutes show, no testimony was received. The court knows of no reason why the costs of the transcript of the hearing would be recoverable. Accordingly the court does not tax the expense as a cost.

With regard to the fees associated with videotaping a deposition, most courts have considered the expenses under the court reporter fee § 1920. Several circuits have found no abuse of discretion where the district court permitted both the costs of a

stenographically recorded deposition and the concurrently recorded videotaped depositions to be taxed as costs. *Hilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997) (When interpreted in conjunction with Federal Rule of Civil Procedure 30(b), 28 U.S.C. Section 1920(2) implicitly permits awarding both the expenses of the stenographically-recorded depositions and the simultaneously recorded videotaped- depositions to the prevailing party.); *Ibrahim v. Food Lion, Inc.*, 149 F.3d 1183 (6th Cir. 1998) (28 U.S.C. § 1920(2), (4) authorize courts to tax as costs, the taking, transcribing, reproducing and videotaping a deposition); *Morrison v. Reichhold Chems, Inc.*, 97 F.3d 460 (11th Cir. 1996) (where the notice of deposition stated the deposition would be both stenographically recorded as well as videotaped, and the opposing party did not object, it was not an abuse of discretion to award the expense of taking a deposition by a stenographer as well as a videographer). *But see Coats v. Penrod Drilling Corp.*, 5 F.3d 877 (5th Cir. 1993), *reh'g en banc granted*, 20 F.3d 614 (5th Cir. 1994), *opinion reinstated in part*, 61 F.3d 1113 (5th Cir. 1995) (fees of a video technician are not recoverable as costs under Fed. R. Civ. P. or 28 U.S.C. § 1920).

In this case it appears the Defendant had a practice of ordering nearly all depositions in phase I of the discovery process be taken by a stenographer and also be simultaneously videotaped. While it is true the Federal Rules of Civil Procedure permit the taking of depositions by audiovisual recording, Federal Rule of Civil Procedure 32(c) provides the general rules relating to the presentation of deposition testimony during a court proceeding. Parties are to provide a transcript of any deposition testimony the party offers, although they may also provide the testimony in nontranscript form. Fed. R. Civ. P. 32(c). If the deposition is to be used for other than impeachment, then the opposing party may request that the deposition be presented in nontranscript form. *Id.* This was phase I of the discovery process where the issue was class certification and not the merits of the cause of action and thus the court is not convinced these depositions would have had use at trial. More than likely, and as it turned out, the testimony would be used as a record in the

motion phase of the suit. Although lawyers in high-stake cases may want to have videotaped depositions as well as deposition transcripts for all witnesses for a variety of reasons, that does not mean this additional expense must be borne as a cost by the unsuccessful party.

Under the facts of this case, the court declines to allow the Defendant to recover the videotaped depositions as costs. The statute limits recovery to the cost of all or any part of the stenographic transcript and does not provide for recovery of the costs of video depositions. 28 U.S.C. § 1920(2). Further there is no showing that the Plaintiff explicitly or implicitly agreed that the depositions would be videotaped as well as stenographically taken. The video record duplicates the stenographic record and it would not be fair to tax the costs for both, especially because there is no showing that any of the witnesses deposed were likely unavailable for hearing/trial or that videotaping the witnesses was the most economical way for the witness to testify. There is no showing that it was likely that any of the videotaped depositions was likely needed for trial. Therefore the court finds the expenses for stenographic transcription should be permitted as costs, but not the video expenses incurred during phase I of discovery on class certification.

Defendant also seeks reimbursement from Plaintiffs for the shipping and handling fees associated with witness and party deposition transcripts, and video copies of the same. Plaintiffs resist taxing these fees. As Plaintiff notes, the Eighth Circuit Court of Appeals has previously found, in the context of assessing appellate costs, that § 1920 does not authorize the taxing of postage and delivery expenses as costs against the unsuccessful party. *Smith v. Tenet Healthsys. Sl, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); *see also Jones v. Cargill*, No. 05-CV-129-LRR, 2007 WL 1582640, *1 (N.D. Iowa May 31, 2007). Therefore the court declines to assess the shipping and handling fees associated with witness and party deposition transcripts and video copies of the same to Plaintiff.

Defendant seeks to have costs assessed against Plaintiffs for the following miscellaneous services related to the depositions discussed above: expedited transcript

service, ASCII transcripts, transferring transcripts to CD, video services, additional hours, conversion of video to digital formal, transcript synchronization and/or time stamping and furnishing video deposition transcripts to Defendant. These items are not listed in the statute or rules as recoverable costs. 28 U.S.C. § 1920. With regard to the additional costs for expedited transcripts, the court finds no necessity for this additional cost. *Compare Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363-64 (5th Cir. 1983) (affirming district court's decision to disallow reimbursement for expedited transcripts) *and Fleisher v. A.A.P., Inc.*, 36 F.R.D. 31, 36 (S.D.N.Y. 1964) (holding, in absence of persuasive reasons for an expedited transcript, that party should only be reimbursed at the ordinary rate), *with Cleveland Area Bd. of Realtors v. City of Euclid,* 965 F. Supp. 1017, 1025 (N.D. Ohio 1997) (taxing costs of an expedited transcript, where such transcript was necessary for impending preliminary injunction hearing and trial). Contrary to the suggestion of the Defendant, the court did not set the deadlines in this case. The attorneys set the deadlines and the court approved them. With at least seven lawyers appearing for the Defendant, it is difficult to imagine that expedited transcripts would be necessary to meet filing deadlines selected by the parties. Therefore the court will not award costs for expedited transcripts.

The Defendant seeks cancellation fees for the stenographer and videographer for the Lionel William Miller deposition. Plaintiffs claims that Defendant canceled the deposition. Thus no cost award is made on these fees in favor of Defendant.

The court has also disallowed the transcript fees for the depositions of Warren Jones, Lynn Hartung, Ross Bagshaw and Frederick C. Dunbar because while it is clear there are expedited fees and other unreimburseable services being billed, the expedited fees and other services are not itemized. Thus it is impossible for the court to properly assess costs as to these depositions. Therefore the court denied these expenses as costs.

### C. Fees for Witnesses

Fees charged by Plaintiffs' expert witnesses for time spent in depositions is listed

19

on Defendant's application for costs. The expert witnesses were Deborah Senn, Dean Sherman, John Wilkins and Mark Brown. The disputed amount is $10,462.50. The Eighth Circuit Court of Appeals has previously found that expert witness fees in excess of the $40 provided as an appearance fee in 28 U.S.C. § 1821(b) are not allowed. *Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. at 445).

### D. Fees for Copies

Plaintiffs do not object to taxing $864.41 sought by Defendant for copies of exhibits and appendices. Accordingly, the court will award $864.41 for copies.

### VI. CONCLUSION

For the reasons stated herein, the Clerk of Court is ordered to tax costs against the Plaintiffs and in favor of Defendant in the total amount of $16,396.14, comprised of the following items:

|  | Claimed | Awarded |
|---|---|---|
| A. Fees of the Clerk: | $ 375.00 | $ 0 |
| B. Fees of the court reporter: | | |

| No. | Deponent | Type | Claimed | Awarded |
|---|---|---|---|---|
| 1. | B. Ulery | transcript | $1,143.02 | $1,143.02 |
| 2. | B. Ulery | video/delivery | $277.09 | $0 |
| 3. | R. Hollander | transcript | $4,215.40 | $2,383.65 |
| 4. | R. Hollander | video/delivery | $1,756.50 | $0 |
| 5. | S. Hollander | transcript | $719.20 | $372.00 |
| 6. | S. Hollander | video | $404.00 | $0 |
| 7. | R. Rakes | transcript | $1,938.00 | $1,071.70 |
| 8. | R. Rakes | video | $914.00 | $0 |

| No. | Deponent | Type | Claimed | Awarded |
|-----|----------|------|---------|---------|
| 9. | F. Rakes | transcript | $936.00 | $487.10 |
| 10. | F. Rakes | video | $389.00 | $0 |
| 11. | L. Miller | trans. cancellation fee | $125.00 | $0 |
| 12. | L. Miller | video cancellation fee | $275.00 | $0 |
| 13. | J. Soppe | transcript fee | $1,359.88 | $1,359.88 |
| 14. | J. Soppe | video | $594.93 | $0 |
| 15. | J. Soppe | video | $413.40 | $0 |
| 16. | W. Jones | trans. plus other fees not itemized | $882.25 | $0 |
| 17. | L. Hartung | trans. plus other fees not itemized | $883.70 | $0 |
| 18. | W. Jones L. Hartung | video | $484.95 | $0 |
| 19. | W. Jones L. Hartung | video time-stamping | $320.65 | $0 |
| 20. | R. Darnell | transcript | $797.64 | $794.64 |
| 21. | R. Darnell | video | $348.48 | $0 |
| 22. | R. Darnell | video | $214.65 | $0 |
| 23. | J. Moysey | transcript | $641.75 | $396.25 |
| 24. | J. Moysey | video | $382.00 | $0 |
| 25. | E. Phoebus | transcript | $2,423.65 | $1,431.15 |
| 26. | E. Phoebus | video | $1,209.50 | $0 |
| 27. | W. Miller | transcript | $1,145.60 | $720.00 |
| 28. | W. Miller | video | $677.00 | $0 |
| 29. | Feb. 12, 2008 hearing | transcript | $679.00 | $0 |

| No. | Deponent | Type | Claimed | Awarded |
|---|---|---|---|---|
| 30. | R. Bagshaw | transcript | $1,737.95 | $0 |
| 31. | R. Bagshaw | video | $471.70 | $0 |
| 32. | R. Bagshaw | video | $333.90 | $0 |
| 33. | D. Senn | transcript | $3,582.80 | $1,644.70 |
| 34. | D. Senn | video | $1,922.00 | $0 |
| 35. | M. Browne | transcript | $2,512.59 | $1,501.24 |
| 36. | E. Sherman | transcript | $2,417.00 | $1,571.40 |
| 37. | J. Wilkin | transcript | $670.80 | $495.00 |
| 38. | J. Wilkin | video | $747.00 | $0 |
| 39. | F. Dunbar | transcript | $3,090.54 | $0 |
| 40. | F. Dunbar | video | $241.15 | $0 |
| | SUBTOTAL AWARDED | | | $15,371.73 |

C.  Fees for witnesses:

| No. | Witness | Claimed | Awarded |
|---|---|---|---|
| 1. | M. Brown | $3,600.00 | $40.00 |
| 2. | D. Senn | $2,800.00 | $40.00 |
| 3. | E. Sherman | $3,187.50 | $40.00 |
| 4. | J. Wilkin | $875.00 | $40.00 |
| | SUBTOTAL AWARDED | | $160.00 |

D.  Fees for copies - not contested.

SUBTOTAL AWARDED:                    $864.41

**GRAND TOTAL AWARDED:**                **$16,396.14**

All other requested costs are denied.

IT IS SO ORDERED.

Dated this 7th day of November, 2008.


_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA